THE bill in this case was filed originally to procure a dissolution of the contract made for the purchase of a tract of land which the late Rev. Dr. Daniel had made from the defendants : on the ground that the *246 title was defective; and to procure reimbursement o£ the purchase money, with interest. Also, reimbursement for the buildings put upon the place by the purchaser.
At the hearing of the cause it was agreed, by the par-contvact should be rescinded ;* and that the occupancy by the purchaser should be set against the interest on the purchase money which had been paid— and I confirm this agreement.
The only question then which remained, related to the price of the improvements which had been put upon the place, by the purchaser, during the occupancy.
The objections made were, that the purchaser knew, at the time of the purchase, there was a doubt about the title, and therefore ought not to have made any improvements ; and that the improvements were chiefly ornamental, and not substantial and permanent.
The first objection goes rather to any reimbursement at all, even for the price paid. That objection turns upon the ground, that if the purchaser, before executing the articles, knew that there was a defect of title, or in-cumbrances, he shall be considered as having entered into the contract with his eyes open, and has chosen his remedy at law; and equity will not assist him, but leave him to his remedy at law. But that point cannot now be made here, for it is agreed that the purchase ought to be and shall be rescinded, and that the purchase money shall be restored, but without interest, as the occupancy was equivalent to the interest: and this agreement seems best to comport with justice; for there are very few cases in which the Court will not, upon a defect of title, assist the purchaser to recover the purchase money, and also money laid out in lasting improvements.† Where indeed the defect was notorious, and the purchaser bought on a speculation, and obtained the property at a price far below the value, on account of *247 the known defect, it seems reasonable that he shall not afterwards claim a reimbursement even df the purchase money. But nothing of that kind appears to have existed here. It is not pretended that the defect was notorious, and that the property was obtained below the value on account of that defect, and on account of his running the risk of the title. I think therefore that the executors have done right to submit to the reimbursement of the purchase money j more especially as the purchaser, the Rev. Dr. M’Calla, upon being informed of some doubt existing as to the title, expressly declared he should look for reimbursement to the executors $ and this was not contradicted. B ut- the executors obj ect that the buildings and improvements were ornamental, and not necessary or permanently useful.
From the facts stated, and not contradicted, it appears to me that the improvements were not ornamental, but substantial and useful. It being, however, the course of the Court to submit the enquiry, relative to such expenditures, to the master, I shall pursue that course. Bet it therefore be referred to the master to examine and report what were the expenditures for the useful improvements in question, making deductions for the deterioration of the buildings during the occupancy of the party who made the improvements, and down to the time of the recision of the contract.
The master afterwards made a report, in favor of complainants, which was confirmed, and the case ended.
[This case was not much discussed, as there did not seem to be any opposition to the complainants’ recovery of what had been paid for the land, and no disposition was manifested by them to recover more. Mr. Cheves, who was concerned for the complainants, insisted that the improvements which increase the value of the estate should be allowed, and quoted 1 Brown’s Civil Law, 206, in which the Court concurred. He referred generally, also, to the question, Whether the value of the land at the time, when the contract is rescinded, or the *248 purchase money with interest thereon, was the just rule *n Sllc*1 cases H° stated that the decisions were contradictory on the point what was the proper measure of (^amaSes *n an action brought on the covenant of seizin in a release. The cases which establish the purchase m(mey amj the interest as the standard, are in our sister states; 2 Hen. & Mumf. 164, Nelson vs. Mathews; 1 Hen. & Mumf. 201, Lowther vs. the Commonwealth; 2 Root’s Rep. 46, Smith vs. Pitkin; to which must be added the case of Bender vs. Fromberger, 4 Dallas, 436, 441, which was elaborately argued, and in which Chief Justice Tilghman and the Judges of the Supreme Court in Pennsylvania, decided that the price paid and the interest, was the true measure of damages, conformably to the decided cases in New-York. See also, on this important subject, Cooper’s Justinian, 607-8, where the cases respecting damages on eviction by title paramount are referred to. The real owner, when he recovered, has never been held liable for improvements made by the unlawful possessor, unless he lay by, and concealed his title. E. Ind. Com. vs. Vincent, 2 Atk. 83; 2 Eq. Cas. abr. 357; 6 T. Rep. 554 ; Douglas, 22; Cowp. 473. In England, the measure of damages to the evicted purchaser was the value of the land at the time when the deed was executed. Cooper’s Justinian, 618; 1 Reeves, 443. And so decided in New-York, notwithstanding the rise of property. 3 Caine’s, 111; 4 Johnson, 1; 5 Johnson, 18, 49, Judge Spencer dissenting. So in 2 Mass. Rep. 407, 455, by Ch. Justice Parsons. But contra 4 Massach. Rep. 108, by the Court, .which said that the value of the land at the time when the covenant was broken, was the proper measure of damages. So also 3 Mass. Rep. 523; so in Kirby’s Conn. Rep. 3; so in Pennsylvania, 4 Dallas, 441, Bender vs. Fromberger. In Carolina some cases have decided that the value of the land at the time of the eviction is the measure of damages in an action of covenant broken. 1 Bay, 19, 265. But iater decisions seem to be in opposition to that. If the purchaser can taint the sale with fraud, or prove a *249 scienter of bad title on the part of the seller, the purchaser would recover full damages on the increased value and improvements. Cooper’s Justinian, 620 ; Co. Litt. 384; Comyn’s Digest, 236; 4 Johns. 12.]
Mr. Cheves, for complainants.
Messrs. Smith and Bacot, for defendants.
There was no appeal from the decree in this case.

 See Sugden’s Law of Vendors — 210 to 243.

 See Sugden, p. 482, and the cases there cited; 1 Yern. 159, 4-84; 6 Yesey, jun. 61/; 8 Yesey, sen. 32/, iind others.